UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M.M. Individually and on behalf of M.M. II, a
minor; J.M. individually and on behalf of M.M. II,
a minor.

                    Plaintiffs,

-vs-                                          Case NO. 2:05-cv-7-FtM-33SPC

School Board of Lee County, Florida; Vivian Posey,

                    Defendants.

_____

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the *Pro Se* Plaintiffs M.M. and J.M.'s Motion to

Amend/Correct Complaint (Doc. #105) filed on May 2, 2008.  The Defendants, School Board of Lee

County (Board) and Vivian Posey filed their Response in Opposition to the Parents' Motion to

Amend Complaint (Doc. #106)  on May 19, 2008.  The Motion is now ripe for review.

**Procedural History**

On March 27, 2007, the Honorable John Steele reversed the Final Order of the Administrative

Law Judge (ALJ) for the reasons stated in the undersigned Magistrate's Report and

Recommendation.  (Doc. #67).  By reversing the ALJ's Final Order, the Court resolved the issues

in Case No. 2:05-cv-5, and Counts 1, 2, and 3 of the Complaint in the instant action.  Pursuant to the

Final Order by Judge Steele, a hearing was conducted by the undersigned on May 10, 2007, for the

purpose of discussing the progress of the case and developing scheduling deadlines for the parties.

1

(Doc. #70). Based upon the discussions at the May 10, 2007, hearing, the Court entered a Case Management and Scheduling Order on May 11, 2007. (Doc. #71).

The purpose of allowing the Plaintiffs to amend the Complaint was to clarify the remaining issues. Specifically it was noted, Counts, 1, 2, and 3 of the Complaint had been decided adversely to M.M. and J.M, and the factual allegations supporting the remaining claims were dependent upon the assertions made in regard to Counts 1, 2, and 3. The Plaintiffs were to Amend the Complaint to clarify the issues raised in what they had previously pled as Count 4, Civil Rights, Procedural Due Process; Count 5, Civil Rights - IDEA - Board; Count 6, Civil Rights - Section 504 - Board; Count 7, Civil Rights - Section 504 - Posey; Count 8, Malicious Prosecution - Posey; and Count 9, Breach of Contract - Board. These issues were specifically discussed at the hearing on May 10, 2007. (Doc. #77).[1] The Parents were directed to file an Amended Complaint on or before July 1, 2007, setting forth their factual and legal claims other than those based on alleged denial of a Free and Appropriate Public Education (FAPE) or those dealing with the Individuals with Disabilities Education Act (IDEA).

On July 3, 2007, the Parents filed their Motion for Enlargement of Time to Add Defendants and Amend Complaint (Doc. #83) to which the Board responded they would have no objection to the timeliness if the Amended Complaint was filed on or before July 26, 2007. (Doc. #85). On July 26, 2007, the Parents filed a Motion to Amend Complaint (Doc. #88), to which they attached their proposed Amended Complaint (Doc. #88-2). The Parents of M.M. II, a minor, moved the Court to

---

[1] Document 77 is the Transcript of the Preliminary Pretrial Conference held before the Honorable Sheri Polster Chappell on May 10, 2007. M.M. and J.M. were present and proceeding *pro se.* Edward S. Polk, Esq. was present and represented the interests of the Board and Vivian Posey.

accept their Amended Complaint. (Doc. #88-2).[2]   In the Amended Complaint, the Parents added

more than 350 allegations totaling 502 paragraphs to support their claims.  They asserted 15 counts,

and added several Defendants who were not named in this matter previously.  The Defendants filed

their Response in Opposition to the Motion to Amend/Correct Complaint (Doc. #89) on August 8,

2007.  The Court issued an Order denying the Plaintiffs' Motion to Amend/Correct the Complaint

(Doc. #91) on August 20, 2007, and allowed the Plaintiffs until September 20, 2007, to Amend their

Complaint in accordance with the Court's Order.

On September 28, 2007, the Defendants filed a Motion to Dismiss Plaintiffs' Claim for Failure

to Comply with Order Directing Filing of Amended Complaint (Doc. #92).  On February 29, 2008,

the Honorable John Steele denied the Defendants' request, and Ordered the Plaintiffs to file an

Amended Complaint by April 30, 2008. (Doc. #103).  On May 2, 2008, the Plaintiffs filed the instant

Motion (Doc. #105) asking the Court to accept the Amended Complaint as timely filed.[3]  The

Defendants filed their Response in Opposition to the Motion to Amend/Correct Complaint (Doc.

#106) on May 19, 2008.  The Court will now review the pleading to determine whether or not the

Plaintiffs should be allowed to file the Amended Complaint.

---

[2]  The 15 claims asserted were: Count 1, Prevailing Party Attorney's Fees - Board; Count 2, Violation of FAPE - IDEA - Board; Count 3, Violation of FAPE  - Florida Law - Board; Count 4, Civil Rights - Procedural Due Process - Board; Count 5, Civil Rights  - IDEA - Board; Count 6, Civil Rights - Section 504 - Board; Count 7, Civil Rights - Section 504 - Posey; Count 8, Malicious Prosecution - Posey; Count 9, Civil Rights - Section 504 - Andrews; Count 10, Malicious Prosecution - Andrews; Count 11, Civil Rights - Section 504 - Browder; Count 12, Civil Rights - Section 504 - Mulvdi; Count 13, Breach of Contract - Board; Count 14, Civil Rights - IDEA; and Count 15, Civil Rights - Section 504 - FDOE .

[3]The Plaintiffs assert that they inadvertently arrived "just after 5PM due to construction traffic on I-75 and at the Court House (sic) had already been locked."  They are requesting the Court apply the "mailbox" rule in deeming the pleading timely.

**Discussion**

Under rule 15(a),  a party may amend the party's pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served. Fed. R. Civ. P. 15(a); <u>Keene v. Teco Energy Corp.</u>, 2000 WL 230243 (M.D. Fla.).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." <u>Laurie v. Alabama Court of Criminal Appeals</u>, 256 F.3d 1266, 1274 (11th Cir. 2001). Pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. <u>Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company</u>, 184 F.R.D. 674, 678 (M.D. Fla 1999).  Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); <u>Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.</u>, 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. <u>Laurie</u>, 256 F.3d at 1274.

"Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" <u>Id.</u>     The Eleventh Circuit has found that an amended complaint is futile when the complaint as amended is still subject to dismissal. <u>Hall v. United Insurance Company of America</u>, 367 F. 3d 1255,  (11th Cir. 2004).  The Court may properly deny leave to amend a complaint when such amendment would be futile. <u>Id.</u> (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

The Defendants object to the Amended Complaint in that "like its predecessor, the latest proposed Amended Complaint suffers from defects that render the pleading futile", namely:  (1) it is

overly abundant in prolixity, and fails to constitute the "short and Plain statement of the claim" contemplated by Fed. R. Civ. P. 8(a).   The proposed pleading also contains a multitude of totally inappropriate comments relating to extraneous topics such as their "financial resources," a history of their perception of the procedural history of the case in the form of a "Declaration of Desire to Preserve All Rights on Appeal," and a "long, rambling diatribe against various perceived maladies in public education in general, with no alleged connection to this particular case;" (2) the proposed Amended Complaint adopts the initial Verified Complaint for Damages, Injunctive Relief, and Jury Demand as Exhibit A and the DOAH Final Order as Exhibit C; (3) the proposed Amended Complaint fails to allege a claim against either the Board or the intended new individual defendants, Dr. James Browder, Terry Andrews, Leila Muvdi, Allison Fortuna and Mattie Young, nor is there a viable claim against the Department of Education, or provide a factual basis to add additional defendants; (4) the proposed Amended Complaint  merely reiterates the claims arising under the Individuals with Disability Education Act (IDEA) which the Court already ruled upon; (5) and the proposed Amended Complaint has included in the various counts a general reassertion of all prior allegations, including previous counts, so that the proposed pleading is rendered "unwieldy and confusing."

### (1) Counts I, II, and III

After reviewing the proposed Amended Complaint, the Court finds Counts 1, 2, and 3 merely reiterate the Plaintiffs' IDEA claims previously dismissed by the District Court.  Since the Court has already ruled on those issues, it is respectfully recommended that the counts be deemed futile.

### (2) Count IV

Count IV alleges the Board, Posey, Andrews, Browder, Muvdi and Young maliciously prosecuted the Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth, and Fourteenth Amendments.

The elements for a claim for malicious prosecution are: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceedings. Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002).

The Plaintiffs fail to state the elements for each of their attempted claims against any of the proposed Defendants.  The Plaintiffs allege that Posey initiated a criminal complaint against them which was resolved in their favor.  Posey also filed a civil suit against the Plaintiffs which was also resolved in their favor.  The Plaintiff now alleges that Dr. Browder,  Andrews, Muvdi, Fortuna and Young supported Posey in her lawsuits by barring the Parents from the Three Oaks Elementary School (TOES) Campus.  Therefore, the Plaintiffs state the named Defendants should be brought into this action as individual defendants.  The Parents claim that Young violated their rights without probable cause and with passive and/or active support for the other Defendants.

Under Harlow v. Fitzgerald, 457 U.S. 800, 817, (1982), "the bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." The Harlow Court held:

> that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id. at 818.

The Plaintiffs' claim against Dr. Browder, Andrews, Muvdi, Fortuna and Young are merely

6

conclusory and fail to allege any of the elements of malicious prosecution.   Furthermore, a plaintiff

has an obligation to provide the "grounds" of his "entitlement" to relief which requires more than

labels, conclusions, and a formulaic recitation of the cause of actions elements. <u>Bell Atlantic Corp.</u>

<u>v. Twombly</u>, ----S. Ct. ---- 2007 WL 1461066 * 10 (2007) (abrogating Conley v. Gibson, 355 U.S.

41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).   Here, the Plaintiffs do not provide any factual basis

to support their allegations of malicious prosecution.  Thus, the Plaintiffs' mere conclusory allegations

of discrimination, malicious prosecution, and violation of their civil rights as alleged  against the

above proposed defendants would be subject to a motion to dismiss for failure to provide grounds

for their entitlement to relief.  As such, it is recommended that count IV should be deemed  futile.

### (3) Counts V and VI

Count V alleges that the School Board, Posey, Andrews and Muvdi violated the IDEA,

FERPA, 34 CFR § 104.36 and Florida law for failure to produce records.     Count V merely reiterates

the allegations from the Plaintiffs' original Complaint  filed in this action and resolved by the District

Court in its Opinion and Order (Doc. # 27).   Therefore, Counts V and VI should be deemed futile.

### (4) Count VII

Count VII alleges that Andrews and Posey failed to implement the Joint Stipulation of May

2003 by failing to provide a qualified reading teacher and intensive remediation, and by not providing

any of the services in the Joint Stipulation by unilaterally violating stay put in May 2005, and failing

to respond to the Parents requests for services.  Therefore the Plaintiffs allege that Andrew and Posey

violated M.M. II's procedural due process rights under the IDEA and the ADA.   Once again the

IDEA issues were resolved in favor of the Defendants in the District Court's Opinion and Order

(Doc. # 27).  Thus, Count VII should be deemed futile.

### *(5) Count VIII*

Count VIII alleges battery against Fortuna.  The Plaintiffs allege that Fortuna improperly restrained M.M. II on March 17, 2005, causing him physical harm, psychological and emotional damage, which interfered with M.M. II's ability to receive FAPE.  The Court's Order directing the Plaintiffs to amend the case directed them to amend the Complaint to clarify the issues raised in what they had previously pled as Count 4, Civil Rights, Procedural Due Process;  Count 5, Civil Rights - IDEA - Board;  Count 6, Civil Rights - Section 504 - Board;  Count 7, Civil Rights - Section 504 - Posey;  Count 8, Malicious Prosecution - Posey;  and Count 9, Breach of Contract - Board.  These issues were discussed at the hearing on May 10, 2007.  The instant allegation does not relate to any of the previous claims and is beyond the scope of the Court's Order.  The Plaintiffs must limit their claims to those counts which survived the Court's dismissal.  Additionally, the Plaintiffs state M.M. II was denied FAPE under the IDEA which was previously determined by the Court in its Opinion and Order (Doc. # 27).  Therefore Count VIII should be deemed futile.

### *(6) Count IX*

Count IX states the Florida Department of Education (FDOE) failed to enforce the IDEA and refused to respond to the Plaintiffs numerous requests.  As stated, Count IX fails to state a viable claim.  The District Court reversed DOHA's decision and found that M.M. II was provided FAPE under the IDEA. Therefore, Count IX, a claim that the FDOE did not enforce the IDEA, is moot and should be deemed futile.

### *(7) Count X*

Count X claims the FDOE violate the IDEA, § 1983, Section 504, and the Fourteenth Amendment  by not providing FAPE to M.M. II.  The Plaintiffs state that since the FDOE receives

8

federal funds, it is responsible to ensure that FAPE is provided to the disabled students in the Lee County Schools. They assert that the FDOE has a custom policy and practice of failing to comply with section 504.

The Parents have failed to allege the elements of a claim under Section 504 of the Rehabilitation Act, which are: (1) the plaintiff is an individual with a disability under the Rehabilitation Act; (2) the plaintiff is otherwise qualified for participation in the program; (3) the plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability; and (4) the relevant program or activity is receiving federal financial assistance. 1 *Americans with Disabilities: Practice and Compliance Manual* § 1:3 (May, 2007).

In the District Court's Opinion and Order (Doc. # 27) the Court found that M.M. II received FAPE and was not barred from any programs required either by the IDEA or M.M. II's IEP. Here the Plaintiffs' Complaint is based upon the allegation that M.M. II was excluded from the programs. Since the District Court has already determined that M.M. II received the benefits due under the IDEA, the issues involving Section 504 in Count X have already been resolved. Thus, Count X should be deemed futile.

The Plaintiffs also allege that M.M. II was discriminated against by the FDOE because they denied him FAPE by denying him access to federally funded school programs due to his disabilities. In order to prevail on a civil rights claim, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Almand v. DeKalb County, Georgia, 103 F.3d 1510, 1513 (11th Cir. 1997). The Plaintiffs cannot so plead because the alleged violations of FAPE and other features of the IDEA on which they seek to stand have already been decided against them and

9

therefore cannot form the basis for a civil rights claim under § 1983.  Thus, Count X should be deemed futile.

### (8) Count XI

In Count XI, the Plaintiffs allege Fraud on the part of the School Board, Posey, Fortuna, Andrews, and the FDOE.  The Plaintiffs state the Board and FDOE received funding for M.M. II as well as other disabled children but denied those services to M.M. II.  However, Count XI fails to state a claim because the basis of the alleged fraud stems from the Plaintiffs' claim the Defendants' failed to provide M.M. II FAPE with the government's funds.  The District court has previously decided the issue finding the School Board did provide M.M. II  FAPE under the IDEA.  Thus, Count XI should be deemed futile.

Thus, after a review of the Plaintiffs' proposed Amended Complaint this Court finds that the majority of the Complaint is founded upon the Plaintiffs' allegation that M.M. II was denied FAPE under the IDEA.  Since the District Court has found that M.M. II was provided FAPE in accord with the IDEA, the Plaintiffs' Amended Complaint as drafted should be deemed futile.

### (9) Whether the Complaint Should be Dismissed

The Plaintiffs have filed a rather lengthy Amended Complaint which this Court recommends should be deemed futile for the same reasons the original Motion to Amend was found to be futile. As noted above, the Plaintiffs were to Amend the Complaint to clarify the issues raised in what they had previously pled as Count 4, Civil Rights, Procedural Due Process;  Count 5, Civil Rights - IDEA - Board;  Count 6, Civil Rights - Section 504 - Board; Count 7, Civil Rights - Section 504 - Posey; Count 8, Malicious Prosecution - Posey;  and Count 9, Breach of Contract - Board.  The Parents were directed to file an Amended Complaint setting forth their factual and legal claims other than

those based on alleged denial of FAPE or those dealing with the IDEA.  Each time the Plaintiffs have filed an Amended Complaint,  it has been solely based upon the issues previously decided by the Court.

The purpose of allowing the Plaintiffs to amend the Complaint was to clarify the remaining issues.  Specifically it was noted, Counts, 1, 2, and 3 relied upon the Defendants' failure to provided M.M. II FAPE.  The FAPE allegations in the original Complaint had been decided adversely to the Parents, and the factual allegations supporting the remaining claims were dependent upon the assertions made in regard to Counts 1, 2, and 3 that the Defendants failed under the IDEA to provide FAPE.  The Plaintiffs filed a Motion to Amend (Doc. # 88) on July 26, 2007.  The July 26, 2007, Motion included a copy of the proposed Amended Complaint. (Doc. # 88-2).  That proposed Amended Complaint contained 350 allegations fifteen (15) counts and added parties not found in the original complaint.  The Court denied the initial request for Leave to Amend as futile because all of the counts relied on the Plaintiffs' assertion the Defendants failed to provide M.M. II FAPE.  Thus, after two failed attempts to amend,  it begs the question, should the case be allowed to go forward? A brief look at each of the remaining counts is appropriate.

### (a) Count IV of the Original Complaint

In Count IV of the original Complaint, the Plaintiffs alleged the Defendants failed to provide them with procedural due process because they failed to produce M.M. II's records.  However, the undersigned held in her Report and Recommendation (Doc. #43), which was adopted and accepted by the District Court in its Opinion and Order (Doc. #67), that the Plaintiffs were not denied access to M.M. II's educational records.  The term "educational records" is defined by § 6A-1.0955(5)(a),

F.A.C., as including Category A records[4] (Verified information of educational importance which shall

be retained permanently), and Category B records (verified information of educational importance

which is subject to periodic review and elimination, when the information is no longer useful).  The

term "records" in the context of student records is also statutorily defined by § 1002.22(2)( c), Fla.

Stat.[5]  The Records sought by the Plaintiffs were category B work product and graded assignments

which are routinely destroyed by the teachers at TOES after a set period of time. (Doc. # 43, p. 35).

Nothing in the statute nor the C.F.R. required the Defendants to maintain those records.

In fact, the record shows the Defendant School Board was very engaged in the process and

provided 1120 pages of school records to the Parents, and at no time did the Defendant School Board

deny the Parents the opportunity to inspect M.M. II's records.  The Parents were allowed to contest

the issue with the School Board, the Florida Department if Hearings and Appeals, and in the Federal

---

[4]Content of Category A records includes (1) Pupil's or student's full legal name; (2) Authenticated birth date, place of birth, race and sex; (3) Last known address of the pupil or student; (4) Names of the pupil's or student's parent or guardian; (5) Name and location of last school attended; (6) Number of days present and absent, date enrolled, date withdrawn; (7) Courses taken and record of achievement, such as grades, units, or certification of competence; () Date of graduation or date of program completion.

[5]"Records" and "reports" mean official records, files, and data directly related to students that are created, maintained, and used by public educational institutions, including all material that is incorporated into each student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes.  Materials that shall be considered as part of a student's record include, but are not necessarily limited to: identifying data, including a student's social security number; academic work completed; level of achievement records, including grades an standardized achievement test scores; attendance data; scores on standardized intelligence, aptitude, and psychological tests; interest inventory results; health data; family background information; teacher or counselor ratings and observations; verified reports of serious or recurrent behavior patterns; and any other evidence, knowledge, or information recorded in any medium, including, but not limited to, handwriting, typewriting, print, magnetic tapes, film, microfilm, and microfiche, and maintained and used by an educational agency or institution or by a person acting for such agency or institution.

Court System.  Thus, the Plaintiffs' claim that they have been denied procedural due process lacks merit.

### (b) Count V of the Original Complaint: IDEA Civil Rights Violation

Count V alleges all of the previous facts and states that M.M. II was deprived of his civil rights pursuant to 42 U.S.C. § 1983 in accord with a School Board policy to deny disabled students FAPE including denial of FAPE to their son M.M. II.  However, Plaintiffs' Claim as drafted fails because the Court in its Opinion and Order (Doc. #67) found the School Board provided FAPE to M.M. II.  Twice now, the Plaintiffs' have been directed to amend the Complaint without reliance on their claim that the School Board discriminated against M.M. II by failing to provide FAPE.  Each time the Plaintiffs have relied on the same FAPE denial to establish their claim of discrimination.

In order to survive a motion to dismiss, a plaintiff has an obligation to provide the "grounds" of his "entitlement" to relief and such grounds require more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic Corp., ----S. Ct. ---- 2007 WL 1461066 at * 10.  In this instance, the Plaintiffs continue to rely on grounds that have already been determined in favor of the Defendant.  It has become apparent the Plaintiffs have no other factual basis for the alleged discrimination.  Thus, it is respectfully recommended that Count V in the original Complaint should be dismissed for failure to state a claim.

### (c) Count VI and VII of the Original Complaint:  Section 504 Civil Rights

Count VI alleges under Section 504 that the School Board, Browder, and Posey deliberately discriminated against the Plaintiffs because they asserted their rights under state and federal law. Similarly, Count VII alleges Posey discriminated against the Parents and M.M. II by deliberately discriminating against them and denying M.M. II and the Plaintiffs the right to participate freely in

M.M. II's education.

Section 504 of the Rehabilitation Act, reads "No otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a).  The elements of a cause of action under § 504 of the Rehabilitation Act are: (1) the plaintiff is an individual with a disability under the Rehabilitation Act; (2) the plaintiff is otherwise qualified for participation in the program; (3) the plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability; and (4) the relevant program or activity is receiving federal financial assistance. L.M.P. ex rel. E.P. v. School Bd. of Broward County, Fla., 516 F.Supp.2d 1294, 1301 (S.D. Fla. 2007) (citing L.J. v. Broward County School Bd., 2007 WL 1695333 at *3 (S.D. Fla. June 8, 2007)(citing 1 Americans with Disabilities: Practice and Compliance Manual § 1:3 (May, 2007)).  In the context of education services, the United States Supreme Court held in Smith v. Robinson, 468 U.S. 992, 104 S. Ct. 3457, 82 L. Ed.2d 746 (1984), that section 504 does not require affirmative efforts to overcome the disabilities caused by handicaps, but instead "simply prevents discrimination on the basis of handicap." L.M.P. ex rel. E.P., 516 F.Supp. 2d at 1301.

Here, it is clear that M.M. II was not denied access nor excluded from participation in programs nor denied the benefits of the programs.  Neither was he subjected to discrimination under the program solely by reason of his disability.  In the Opinion and Order (Doc. #67), the District Court agreed with the undersigned that M.M. II was provided FAPE by the Defendants.  As such, the Plaintiffs have failed to establish one of the elements required to prove discrimination. Specifically,

that they and M.M. II were denied the right to participate in, or were denied the benefits of FAPE. Consequently, it is respectfully recommended the Section 504 claims lack any merit and should be dismissed.

### (d) Count VIII of the Original Complaint:  Malicious Prosecution

"Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and, (6) the plaintiff suffered damages as a result of the original proceeding." Sharp v. City of Palatka, 529 F. Supp.2d 1342, 1347 -1348 (M.D. Fla. 2007) (citing Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir.2004) (internal citations omitted); Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla.1986). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." Alamo Rent-A-Car,  Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994).

Posey filed charges against the Plaintiff J.M. after an altercation in the hallway at TOES.  On September 24, 2004, Posey initiated a criminal complaint against the Plaintiff J.M. for battery on a school employee. (Doc. # 1, p.8).  The Plaintiff J.M. was arrested and charged.  Posey subsequently filed a civil complaint against J.M. which included injunctive relief on October 12, 2004. On October 14, 2004, the State filed a No Information regarding the Criminal Complaint in the Circuit Court in the Twentieth Judicial District in and for Lee County.  The civil complaint against the Defendant was dismissed on October 27, 2004. (Doc. # 1, p. 9).  There are two separate issues of malicious

prosecution to look at here: one the criminal proceeding, and two, the civil proceeding.

Posey initiated the criminal complaint by calling the police.  Once the police arrived they arrested J.M. for battery.  The Plaintiff, J.M.  alleges malicious prosecution against him for Posey's filing a criminal battery charge against him.  Although the Plaintiff properly alleges that there was a lack of probable cause to make the arrest, the police by their actions demonstrate that there was at least probable cause for Posey to file criminal charges.

The standard for probable cause to arrest an individual is met when the facts and circumstances within the officer's knowledge would cause a reasonably prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Sharp v. City of Palatka, 529 F. Supp.2d 1342, 1351 (M.D.Fla.2007) (citing Wood v. Kesler, 323 F.3d 872, 878 (11th Cir.2003) (internal citations omitted); Fernander v. Bonis, 947 So.2d 584, 588 (Fla. 4th DCA 2007).  Florida courts have found probable cause exists when circumstances are sufficient to cause a reasonably cautious person to believe that the accused is guilty of the charged offense. Sharp, 529 F. Supp. 2d at 1351 (citing Florida Game & Freshwater Fish Commission v. Dockery, 676 So.2d 471, 473 (Fla. 1st DCA 1996) (defining probable cause in the context of an arrest)); Fernander v. Bonis, 947 So.2d at 588 (discussing probable cause in the context of an arrest warrant where the arresting officer was accused of malicious prosecution and false imprisonment, among other allegations).  Although probable cause requires more than suspicion, it does not require convincing proof. Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir.2002).

There was a history of a long running dispute between J.M. and Posey   There was an apparent altercation in the hallway at TOES.  The police were called and they found probable cause

16

to arrest J.M.  Thus, the probable cause element required to establish malicious prosecution is missing from the Plaintiffs' original complaint.

The Plaintiffs also allege malicious prosecution in the civil proceedings.  On October 12, 2004, Posey filed a civil action against the Plaintiff.  The civil action was dismissed on October 27, 2004. The Plaintiff has provided no factual or legal basis for the malice element.

With regard to the element of malice, such malice may be one of two kinds: (a) actual or subjective malice, sometimes called 'malice in fact,' which results in intentional wrong; and (b) 'legal malice,' which may be inferred from circumstances such as the want of probable cause, even though no actual malevolence or corrupt design is shown. Andrew Nguyen MD PA v. Estate of Carlisle, 2007 WL 1560149 *1 (N.D.Fla. May 23, 2007).  That is, the plaintiff need not show "actual malice" such as a vindictive purpose or personal animosity. Id.  Instead, such malice may be inferred from the circumstances in a malicious prosecution action, from a total lack of probable cause, from a failure to make reasonable or suitable inquiry, from gross negligence or great indifference to persons, property, or the rights of others, from a showing of personal animosity, or when the evidence shows that the claimant acted with absence of caution and inquiry that a person should employ before filing a suit. Id.

Posey's suit was dismissed on October 27, 2004, whether by Posey or by the Court is unknown from the facts of the case.  However, on October 28, 2004, the School Board moved to place an injunction on its own authority to prevent J.M. from returning to the TOES campus. .  There is an absence of the necessary showing of personal animosity, caution, or failure to inquire into the subject required to establish malice.  The School Board, on its own,  found sufficient cause to

continue to keep J.M. from the TOES campus after the altercation in the hallway between Posey and J.M. Given the action by the police demonstrating probable cause and followed by the School Board acting in its official capacity to prevent J.M. from returning to the TOES campus, there are no grounds for the malicious prosecution claims. Therefore, it is respectfully recommended that Count VIII should be dismissed.

Accordingly, it is hereby

**RESPECTFULLY RECOMMENDED:**

The *Pro Se* Plaintiffs M.M. and J.M.'s Motion to Amend Complaint (Doc. #105) should be **DENIED.**

**IT IS FURTHER RESPECTFULLY RECOMMENDED:**

The remaining counts in the *Pro Se* Plaintiffs M.M. and J.M.'s Original Complaint (Doc. # 1) should be **DISMISSED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this ___17th___ day of May, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

18